UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION          14-MD-2543 (JMF)

*This Document Relates To:*                                                    OPINION AND ORDER
*Sandy Brands et al. v. General Motors LLC, 15-CV-2709 (JMF)*

-----------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

**[Regarding General Motors' Motion for Summary Judgment]**

The present case — brought by Plaintiffs Sandy Brands ("Brands"), Jay Brands, and Emma Leyba — is part of multidistrict litigation ("MDL") proceedings, general familiarity with which is assumed, relating to alleged defects in the ignition switches and other features of certain General Motors vehicles. Plaintiffs allege that a defective ignition switch in Brands's 2007 Saturn Ion unintentionally rotated out of the "run" position, resulting in an accident during which the car's airbags failed to deploy. In an earlier order, the Court denied Plaintiffs' motion for an extension, *nunc pro tunc*, of the deadline to disclose expert reports, *see* 14-MD-2543, ECF No. 6102,[1] so Plaintiffs lack any expert testimony concerning the cause of their accident. Based on the absence of expert testimony, New GM moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In the alternative, New GM argues that summary judgment is warranted because the undisputed evidence is not only inconsistent with inadvertent rotation of the switch, but also affirmatively establishes that Brands's car maintained power throughout the crash sequence. For the reasons that follow, New GM's motion is GRANTED.

---

[1]     Unless otherwise indicated, all docket citations reference Docket No. 15-CV-2709 (JMF).

**BACKGROUND**

The following undisputed facts are taken from the admissible evidence in the record and, to the extent supported by that evidence, from the parties' Local Civil Rule 56.1 Statements. On September 2, 2013, Brands was driving her 2007 Saturn Ion, with Leyba in the passenger seat, on a California highway when another vehicle unexpectedly swerved into her lane. ECF No. 189-1 ("Pls.' 56.1 Statement"), at 2; ECF No. 191 ("New GM Reply 56.1 Statement"), at 4-5. According to both Leyba and an eye witness, Brands swerved into the left lane to avoid a collision and crashed into the center guardrail. ECF No. 189-7, at 15, 19-20; ECF No. 189-8 ("Leyba Dep."), at 88-89; *see also* ECF No. 189-4, at 11-12; New GM Reply 56.1 Statement 3-4. The car's front airbags did not deploy in the crash. *See* Pls.' 56.1 Statement 5.

Significantly, Leyba testified that, "as far as [she knew], the engine was running the entire time up to the point where it made contact with the center median" and that she had no "evidence or knowledge or observation of the ignition switch cutting off." Leyba Dep. 89, 161; *see* GM's Reply Facts 7-8. Additionally, weeks after the crash, data was recovered from the car's Sensing and Diagnostic Module ("SDM"), "a microprocessor-based control module" in the car that controls the deployment of the front airbags and — so long as the car maintains power — records certain data in the event of a crash. New GM Reply 56.1 Statement 12-15. The data indicated that the SDM retained power throughout the crash sequence and that it recorded two "non-deployment" level events (that is, crash events that were not significant enough to trigger deployment of the airbags). GM's Reply Facts 10-11, 17-18.[2]

---

[2] The Court treats these facts as undisputed even though Plaintiffs purport to dispute them in their response to New GM's Local Civil Rule 56.1 Statement. *See* Pls.' 56.1 Statement 9-14. That is because Plaintiffs' Statement does not "specifically controvert[]" New GM's evidence, let alone do so with citations to admissible evidence. S.D.N.Y. Local Rule 56.1(c); *see, e.g.*, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (noting that a court is "free to

**LEGAL STANDARDS**

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam).  A dispute over an issue of material fact qualifies as genuine if the "evidence is such that a reasonable jury could return a judgment for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if [it] can point to an absence of evidence to support an essential element of the nonmoving party's claim."  *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23).

In ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is

---

disregard" a party's Local Rule 56.1 statement if the "cited materials do not support [the party's] factual assertions").  In fact, disturbingly, Plaintiffs' statements seem to repeat — nearly verbatim, but without attribution — their expert report that the Court had excluded as untimely.  *Compare, e.g.,* Pls.' 56.1 Statement13 ("The Saturn's airbag likely did not deploy because the airbag control module significantly underreported the vehicle's actual speed change and thus is unreliable. . . .  The Saturn significant sustained [sic] frontal damage, including the hood, grille, bumper cover, bent reinforcement bar, engine compartment, and headlights.") *with* 14-MD-2543, ECF No. 6017, at 2, 3 ("According to the supplied photograph and traffic collision report, the Saturn sustained frontal damage, including the hood, grille, bumper cover, bent reinforcement bar, engine compartment, and headlights. . . .  The Saturn's airbag likely did not deploy because the airbag control module significantly underreported the vehicle's actual speed change.").

3

sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). To defeat a motion for summary judgment, the non-moving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (citation omitted).

## DISCUSSION

Plaintiffs bring claims for strict liability, negligence, and breach of warranty. ECF No. 1-10, at 7. It is undisputed that California law applies and that, for each of these claims, Plaintiffs bear the burden of proving that the alleged ignition switch defect in Brands' 2007 Saturn Ion was a substantial factor in causing the accident and resulting injuries. *See, e.g.*, *Holmes v. Home Depot USA, Inc.*, No. 1:06-CV-01527–SMS, 2008 WL 4966098, at *6 (E.D. Cal. Nov. 20, 2008) (holding that causation is an indispensable element for negligence, strict liability, and breach of warranty claims under California law); *accord Stephen v. Ford Motor Co.*, 37 Cal. Rptr. 3d 9, 17 (Cal. Ct. App. 2005). New GM argues that Plaintiffs cannot carry this burden for two reasons: first, because expert testimony is required to prove that the alleged defect caused or contributed to the accident and the non-deployment of the airbags and Plaintiffs have no such testimony; and second, because the undisputed factual record would preclude a reasonable fact finder from concluding that the ignition switch inadvertently rotated, let alone that it caused the accident and airbag non-deployment. *See* ECF No. 184 ("GM Br."), at 1-2. The Court agrees.

First, California law requires a plaintiff to present competent expert testimony on the issue of causation where the issue involves complex, scientific matters "beyond common experience." *Stephen*, 37 Cal. Rptr. 3d at 17; *accord Lassalle v. McNeilus Truck & Mfg., Inc.*, No. 16-CV-00766-WHO, 2017 WL 3115141, at *7 (N.D. Cal. July 21, 2017); *People v. Sotelo*, G045281 et al., 2012 WL 5210031, at *8 (Cal. Ct. App. Oct. 23, 2012) (unpublished). That is plainly the case here, as determining whether Plaintiffs' accident and injuries were caused by an ignition switch defect would require technical determinations of whether the ignition switch could have and in fact did inadvertently rotate; whether the steering and breaking experiences that Brands recalls are consistent with a loss of power; whether the airbags should have deployed in the accident; and whether or to what extent the SDM data supports the conclusion of inadvertent switch rotation. ECF No. 186-8; ECF No. 186-9, ¶¶ 9-13; *see In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2016 WL 4410008, at *2-3 (S.D.N.Y. Aug. 18, 2016) (noting that "issues surrounding defective design of airbags" call for expert testimony because they "are beyond the ken of the average layman" and citing cases (internal quotation marks omitted)). Plaintiffs' lack of expert testimony on the issue of accident causation is thus fatal to their claims. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2017 WL 6729295, at *6, 11 (S.D.N.Y. Dec. 28, 2017) (granting summary judgment to New GM on the ground that state law required expert testimony to prove accident causation and the plaintiffs lacked any admissible such testimony); *see also Miller v. Los Angeles Cty. Flood Control Dist.*, 8 Cal.3d 689, 702 (1983).

Plaintiffs' principal argument to the contrary rests on cases applying the "consumer expectation test" under California law. *See* ECF No. 189 ("Opp'n"), at 5-11 (citing, among other cases, *Soule v. Gen. Motors Corp.*, 8 Cal. 4th 548, 564 (1994)). But that test (which may not

even apply here, *see* GM Br. 8 n.5) concerns a separate issue that is not disputed for purposes of this motion: whether a defect exists.  *See id.*  Causation is a discrete issue, *see, e.g.*, *Stephen*, 37 Cal. Rptr. 3d at 13-17, and it is *that* issue here that calls for the expert testimony that Plaintiffs lack.  In the alternative, Plaintiffs contend that they do have expert testimony on the issue of causation — in the form of testimony from Brands's "treating surgeon . . . that the non-deployment crash caused . . . Plaintiff's injuries."  Opp'n 11.  But that argument confuses the issue of *accident* causation — that is, whether the alleged defect caused Plaintiffs' accident — with the issue of *injury* causation — that is, whether Plaintiffs' accident caused Brands' injuries.  *See* ECF No. 156 (limiting discovery to accident causation and deferring discovery on other issues, including "damages" and "injury causation").  Brands's treating surgeon's expertise is plainly irrelevant to the former, which is the basis of New GM's motion.  And in any event, Plaintiffs failed to submit an expert report on accident causation from Brands's treating surgeon as required, *see* ECF No. 156, and may not do so now, *see* 14-MD-2543, ECF No. 6102.

Second, and in any event, New GM would be entitled to summary judgment even if Plaintiffs did not need expert testimony on the issue of accident causation.  That is because the undisputed evidence — including Leyba's testimony that the engine was running throughout the entire accident sequence and the SDM data — is not only inconsistent with inadvertent switch rotation, but also affirmatively establishes that the car maintained power throughout the crash sequence.  In the face of that compelling evidence, Plaintiffs are left with only Brands's testimony that she had difficulty steering and braking and the fact that the 2007 Saturn Ion was subject to a safety recall.  But that "scintilla of evidence," *Anderson*, 477 U.S. at 252, is not enough to establish more than a "metaphysical doubt" that the ignition switch defect caused Plaintiffs' accident, *Matsushita Elec. Indus.*, 475 U.S. at 586.  That is not enough to defeat New

GM's motion for summary judgment. *See Anderson*, 477 U.S. at 248 (noting that a dispute of fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"); *see also, e.g.*, *Sumaya v. Cequent Performance Prods., Inc.*, D066880, 2015 WL 2393276, at *7 (Cal. Ct. App. May 19, 2015) (unpublished) ("[T]o establish causation a plaintiff must rely on more than speculation, conjecture or mere possibility.").

## CONCLUSION

For the foregoing reasons, New GM's motion for summary judgment is GRANTED, and Plaintiffs' claims are DISMISSED in their entirety. The Clerk of Court is directed to terminate 15-CV-2709, ECF No. 183 and 14-MD-2543, ECF No. 6231, and to close 15-CV-2709.

SO ORDERED.

Dated: October 24, 2019
       New York, New York

JESSE M. FURMAN
United States District Judge